```
UNITED STATES DISTRICT COURT                         USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                        DOCUMENT
------------------------------------------------- X  ELECTRONICALLY FILED
MOSHE DAVID SHARABI,                              :  DOC #:
                                                  :  DATE FILED: 5/10/2017
                         Petitioner,              :
                                                  :     15-CV-2466 (VEC)(HBP)
          -against-                               :
                                                  :     ORDER ADOPTING REPORT &
WARDEN MONICA RECKTENWALD,                        :         RECOMMENDATION
                                                  :
                         Respondent.              :
------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

Moshe David Sharabi ("Petitioner"), a *pro se* prisoner, filed this habeas corpus petition ("Petition") pursuant to 28 U.S.C. § 2241 to challenge his loss of 27 days of good-conduct time ("GCT"). Petitioner challenges the Bureau of Prisons' ("BOP") refusal to recognize self-defense as a defense in during a BOP disciplinary proceeding for fighting.

The Undersigned referred this case to Magistrate Judge Henry B. Pitman. Order of Reference to a Magistrate Judge, Dkt. 5. On November 7, 2016, Magistrate Judge Pitman issued a Report and Recommendation ("R&R") recommending that this Court dismiss the Petition because the BOP's refusal to recognize the defense of self-defense did not violate Petitioner's right to due process. R&R, Dkt. 18. No party filed any objections to the R&R. For the following reasons, this Court ADOPTS the R&R in its entirety, and DENIES the Petition.

## BACKGROUND

On June 6, 2014, Petitioner fought with another inmate. Declaration of Adam M. Johnson ("Johnson Decl."), Exhs. A, C, Dkt. 10. Petitioner was found guilty of Fighting with Another Person, in violation of 28 C.F.R. § 541.3's Prohibited Act Code 201 ("Code 201 violation"). Johnson Decl., Ex. C. As a result, Petitioner lost 27 days of GCT and was sentenced

1

to 15 days of disciplinary segregation and three months of restricted commissary privileges. Johnson Decl., Ex. C. After exhausting his administrative remedies, Petitioner filed this Petition, alleging that the deprivation of 27 days of GCT was unlawful because he was not allowed to assert self-defense during his prison disciplinary proceedings. Petition for Writ of Habeas Corpus ("Pet.") at 1, 5–6, Dkt. 2; *see also* Petitioner's Reply to Respondent's Return and Memorandum of Law in Opposition to Petition for Writ of Habeas Corpus ("Reply") at 2, Dkt. 13.

In the R&R, Magistrate Judge Pitman recommended that this Court find that the Due Process clause does not require self-defense to be recognized in prison disciplinary proceedings. This Court agrees and adopts the R&R in its entirety.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are made to a magistrate judge's report, a district court may adopt the report unless "clear error on the face of the record" is present. *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013). Because no objections were filed in this case, the Court reviews the R&R for clear error.

Submissions by *pro se* litigants are construed more leniently than submissions by lawyers and are interpreted to raise the strongest arguments they suggest. *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citing cases). This Court notes that although Magistrate Judge Pitman did not explicitly state that he was construing Plaintiff's submissions liberally, the R&R reflects arguments presented in the Plaintiff's submissions viewed in the light most favorable to him.

2

Petitioner argues that the BOP's policy of refusing to recognize self-defense as a defense to allegations of fighting is unconstitutional. Pet. at 6. Respondent argues that there is no constitutional right to assert self-defense in the context of prison disciplinary proceedings. Respondent's Return and Memorandum of Law in Opposition to Petition for Writ of Habeas Corpus ("Opp.") at 7, Dkt. 9. Magistrate Judge Pitman agreed with Respondent.

This Court finds no clear error in Magistrate Judge Pitman's conclusion that there is no constitutional requirement that prison disciplinary proceedings recognize self-defense. Although no court within the Second Circuit appears to have addressed this issue, courts that have considered the issue have concluded that "prisoners do not have a fundamental right to self-defense in disciplinary proceedings." *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994); *see also Williams v. Kort*, 223 F. App'x 95, 100 (3d Cir. 2007); *Romm v. Wilson*, 1:12CV88 GBL/TCB, 2012 WL 6021325, at *5 (E.D. Va. Nov. 30, 2012), *aff'd*, 535 Fed. App'x 308 (4th Cir. 2013). Although inmates are afforded some due process rights, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in [a criminal prosecution] does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). There was no clear error in Magistrate Judge Pitman's conclusion that the BOP's refusal to recognize self-defense in response to a fighting charge did not violate Petitioner's right to due process, particularly in circumstances where, as here, there was no use or threat of deadly force. *See* R&R at 5–9.

In addition, to the extent that Petitioner intended also to challenge the sufficiency of the evidence to support finding a Code 201 violation, *see* Pet. at 6, Reply at 3, there was more than sufficient evidence to support the violation.[1] The record shows that the finding was based on

---

[1] Because Magistrate Judge Pitman did not address an insufficiency-of-the-evidence claim in the R&R, this Court reviews that claim *de novo*. *See Charles v. Cty. of Nassau*, 116 F. Supp. 3d 107, 121 (E.D.N.Y. 2015).

3

Petitioner's various admissions that he participated in the fight, including statements made in the incident report. *See* Johnson Decl., Ex. B ("Incident Report") § 24 (statement by Sharabi stating, "I was only fighting back in self-defense"), § 25 ("Yes we had a fight but there is no problem between us."). Further, Petitioner admitted that the incident report was true. Johnson Decl., Ex. C at III.B ("Inmate Sharabi stated that the incident report is true."). Video surveillance showing the incident also was available and considered by the prison officer. Johnson Decl., Ex. C at V.

## CONCLUSION

For the foregoing reasons, this Court ADOPTS the R&R in its entirety. The Petition is DENIED.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See Middleton v. Attorneys Gen.*, 396 F.3d 207, 209 (2d Cir. 2005) (*per curiam*). In addition, this Court declines to issue a certification pursuant to 28 U.S.C. § 1915(a)(3) because any appeal would not be taken in good faith, particularly in light of Petitioner's failure to object to the R&R.

The Clerk of the Court is respectfully directed to close Docket Entry No. 2, to mail a copy of this Order to Petitioner, to note service on the docket, and to close the case.

**SO ORDERED.**

Date: **May 10, 2017**
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**